UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In the Matter of:

Glenn Roy Mcneal,                        Case No. 22-44191-tjt
(Social Security No. \*\*\*-\*\*-9627)        Chapter 7
                                              Hon. Thomas J. Tucker

       Debtor.
_____/
MICHIGAN UNEMPLOYMENT         Adversary Proceeding No.
INSURANCE AGENCY,                 22-        -tjt
                                              Hon. Thomas J. Tucker

       Plaintiff,
v.

Glenn Roy Mcneal,

       Defendant.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT AND FOR JUDGMENT**

The Michigan Unemployment Insurance Agency (Agency), by and through its attorney, Shannon W. Husband, Assistant Attorney General, requests this Court rule that the Debtor's debt to the Agency is nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(7) and *Cohen v. de la Cruz*, 523 U.S. 213, 220-221 (1998).

## JURISDICTION

1. This action arises under 11 U.S.C. § 523 and is an Adversary Proceeding under Fed. R. Bank. P. 7001(6).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. This Adversary Proceeding relates to a Chapter 7 case, In the Matter of Glenn Roy Mcneal, case no. 22-44191-tjt, pending in the Bankruptcy Court for the Eastern District of Michigan.

4. This Court has jurisdiction to hear and decide this matter under 28 U.S.C. § 1334.

5. The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

## GENERAL ALLEGATIONS

6. Plaintiff is an agency of the State of Michigan established by the Michigan Employment Security Act, Mich. Comp. Laws § 421.1, *et seq*.

7. Defendant, Glenn Roy Mcneal, filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code in this Court on May 24, 2022.

8. The deadline for filing a Complaint for Dischargeability of a Debt is August 26, 2022.

9. Defendant received unemployment benefits for various weeks ending January 28, 1012 through May 10, 2014.

10. In Administrative (Re)determinations dated August 11, 2014, August 29, 2014, September 8, 2014, the Agency found that Defendant partially or totally ineligible to receive unemployment benefits because he was working and failed to report his wages or earnings to the Agency while he collected benefits.

11. The Agency further found that Defendant committed fraud by intentionally misleading and/or concealing information to obtain benefits Defendant was not entitled to receive when he failed to report to the Agency that he was employed and/or earning wages while he collected benefits.

12. On April 19, 2017, the Agency conducted a rereview and affirmed the August 11, 2014, August 29, 2014, September 8, 2014 Administrative (Re)determinations.

13. In addition, on April 30, 2015, the Michigan Office of Administrative Hearings and Review dismissed one of his appealed when he failed to appear for his hearing.

14. Mich. Comp. Laws § 421.27(c)(1), provides in relevant part that an eligible person shall be paid a weekly benefit rate with respect to any week for which the individual earns or receives no remuneration.

15.

    a. Mich. Comp. Laws § 421.27(c)(2), provides in relevant part that an eligible person who earns or receives remuneration shall have their weekly unemployment benefit amount reduced by $0.40 or $0.50 for every $1.00 of remuneration earned or received during that week.

    b. Mich. Comp. Laws § 421.27(c)(3), provides in relevant part that a person who receives remuneration where the benefit and remuneration exceed 1.5 or 1.6 times the person's weekly unemployment benefit amount shall have their weekly unemployment benefit amount reduced by $1.00 for every $1.00 of remuneration received or earned during that benefit week.

16. Mich. Comp. Laws § 421.48, provides in relevant part that a person is considered eligible for unemployment benefits during a period in which the person is not employed or where the individual's remuneration is less than the individual's weekly benefit rate.

17. Mich. Comp. Laws § 421.54(b), provides in relevant part that damages shall be double the amount of restitution if restitution is less than $500.00, and quadruple the amount of restitution if restitution is $500.00 or more.

18. Mich. Comp. Laws § 421.62(a), provides in relevant part that the Agency is entitled to recover improperly paid benefits.

19. The Administrative Redeterminations ordered restitution of $3,356.00 in overpaid benefits and in addition, assessed a statutory fraud penalty of $12,484.00 under Mich. Comp. Laws § 421.54 due to the Defendant's false representations and failure to disclose material facts, for a total of $15,840.00.

20. The Agency has collected $1,888.50 from the Defendant.

# COUNT I – NONDISCHARGEABILITY DUE TO FRAUD PURSUANT TO 11 U.S.C. § 523(a)(2)

21. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 20.

22. Persons who receive unemployment benefits must, as a condition precedent to the receipt of benefits, certify biweekly to the Agency that during each week for which benefits are sought, they were unemployed; available for employment, and seeking employment; or if they were employed, the amount of remuneration must be reported so that benefits may be adjusted.

23. Defendant certified to the Agency that for each week he was a person who is receiving unemployment benefits, as a condition precedent to the receipt of benefits, and he was eligible for benefits.

24. The Agency paid unemployment benefits to Defendant in reliance on those certifications.

25. The Agency determined that, in fact, Defendant was working and earning wages, but failed to report those facts to the Agency while collecting benefits.

26. The resulting debt to the Agency is nondischargeable under 11 U.S.C. § 523(a)(2) and *Cohen v. de la Cruz*, 523 U.S. 213, 220-221 (1998), because Defendant obtained the benefits by false pretenses.

**COUNT II – NONDISCHARGEABILITY AS A GOVERNMENTAL PENALTY PURSUANT TO 11 U.S.C. § 523(a)(7)**

27. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 26.

28. The penalty portion of the debt is also nondischargeable as a governmental penalty under 11 U.S.C. § 523(a)(7).

29. The penalty portion of the debt in the amount of $12,484.00 was assessed pursuant to Mich. Comp. Laws § 421.54(b) which allows damages in double the amount of restitution if restitution is less than $500.00 and quadruple the amount of restitution if restitution is $500.00 or more.

30. This penalty portion of the debt is not compensation for actual pecuniary loss, as it is a damage award that is above and beyond the actual loss which was assessed as restitution. Mich. Comp. Laws § 421.54(b).

## DAMAGES

31. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30.

32. Defendant is therefore indebted to the Agency in a nondischargeable debt in the amount of $3,356.00 in fraudulent overpaid benefits, $12,484.00 in statutory penalties, $1,544.93 in interest, less $1,888.50 collected, for a total debt of $15,496.43.

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiff requests that this Court enter an Order as follows:

A.  Defendant's debt to the Agency in the amount of $15,496.43 is nondischargeable;

B.  Defendant owes the Agency $350.00 in court costs;

C.  The Agency is entitled to a Judgment in the full amount of $15,846.43, together with all accrued interest; and

D.  Such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ Shannon W. Husband
Assistant Attorney General
Attorneys for Plaintiff

Dated: August 26, 2022

Labor Division
3030 W. Grand Blvd., Ste. 9-600
(313) 456-2200
husbands1@michigan.gov
P60352